LSK&D #: 260-0077 / DM FileNo
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

RICHARD CAMPISI,

                            Plaintiff,

      -against-

FEDEX GROUND PACKAGE SYSTEM, INC.
AND AEKA ODAJI,

                           Defendants.
-----------------------------------------------------------------X

Docket No.: ORENSTEIN, M.J.

**NOTICE OF REMOVAL**

**TRIAL BY JURY DEMANDED**

**TO: THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK**

The Notice of Removal of the defendants FEDEX GROUND PACKAGE SYSTEM, INC. AND AEKA ODAJI respectfully states:

1. On or about July 16, 2013 (not the service date), an action was commenced against the defendant in the Supreme Court, State of New York, County of Richmond, which is entitled Richard Campisi v. FedEx Ground package System, Inc. and Aeka Odaji. A copy of the Summons and Complaint is attached as Exhibit "A."

2. Issue was joined by service of the defendant's Verified Answer on or about September 12, 2013. (Annexed hereto as Exhibit "B").

3. The above-described action is one in which the Court has original jurisdiction under the provision of 28 U.S.C. §1332 as one that may be removed to this Court, pursuant to 28 U.S.C. §1441, in that it is a civil action and upon information and belief, the matter in controversy exceeds the sum of Seventy Five Thousand Dollars ($75,000.00), exclusive of interest and costs, and is between citizens of different states.

4. At the time the action was commenced and at the filing of this notice of removal, plaintiff Richard Campisi was and is a citizen of New York residing at 23 Evan

Place, Staten Island, New York. See Summons and Complaint annexed hereto as Exhibit "A."

5. At the time the action was commenced and at the filing of this notice of removal, defendant FedEx Ground Package System, Inc. was and is a citizen of Delaware and Pennsylvania as it is incorporated in the State of Delaware, having its principal place of business at 1000 FedEx Drive, Moon Township, Pennsylvania 15108.

6. At the time the action was commenced and at the filing of this notice of removal, defendant Aeka Odaji was and is a citizen of New Jersey residing at 555 Grant Street, Linden, New Jersey 07036.

7. That this case was not "removable" to Federal Court until plaintiff responded to the defendant's Demand for Damages, asserting that plaintiffs demand $2,500,000.00, by response dated February 25, 2014 and received by defendants on March 3, 2014. Exhibit "C."

**WHEREFORE,** defendants FEDEX GROUND PACKAGE SYSTEM, INC. AND AEKA ODAJI apply that this action now pending against them in New York State Supreme Court, County of Richmond is removed from that venue to this Court.

Dated: New York, New York
March 7, 2014

Yours, etc.

LESTER SCHWAB KATZ & DWYER, LLP

David S. Stecklow
Attorneys for Defendants
FEDEX GROUND PACKAGE SYSTEM, INC.
AND AEKA ODAJI
120 Broadway
New York, New York 10271
(212) 964-6611

TO:

Lonny Levitz, Esq.
KUHARSKI, LEVITZ & GIOVINAZZO, ESQ.
176 Hart Boulevard
Staten Island, New York  10301
(212) 228-1331
(718) 448-1699 (Fax)
Attorneys for Plaintiff

STATE OF NEW YORK  )
                   ) SS.:
COUNTY OF NEW YORK )

DAVID S. STECKLOW, being duly sworn, according to law, deposes and says that he is one of the attorneys for the within named defendants FEDEX GROUND PACKAGE SYSTEM, INC. AND AEKA ODAJI, that he has read the foregoing Notice of Removal and that the statements therein are true in substance and to his knowledge.

David S. Stecklow
Attorneys for Defendants
FEDEX GROUND PACKAGE SYSTEM,
INC. AND AEKA ODAJI
120 Broadway
New York, New York  10271
(212) 964-6611

Sworn to before me this
7th day of March 2014

Pamela E. Henry

PAMELA E. HENRY
Notary Public, State of New York
No. 01HE6210701
Qualified in Kings County
Commission Expires August 24, 20 17

LSK&D #: 260-0077 / DM FileNo
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF RICHMOND
---------------------------------------------------------------X
RICHARD CAMPISI,

                                  Plaintiff,

    -against-

FEDEX GROUND PACKAGE SYSTEM, INC.
AND AEKA ODAJI,

                                  Defendants.
---------------------------------------------------------------X

Index No.: 101412/2013

**NOTICE OF REMOVAL**

TO: PLAINTIFF

      **PLEASE TAKE NOTICE**, that on the 7th day of March, 2014, defendant filed a Notice of Removal, a copy of which is annexed hereto, with the United States District Court for the Eastern District of New York.

Dated:    New York, New York
            March 7, 2014

                                      Yours, etc.

                                      LESTER SCHWAB KATZ & DWYER, LLP

                                      David S. Stecklow
                                      Attorneys for Defendants
                                      FEDEX GROUND PACKAGE SYSTEM, INC.
                                      AND AEKA ODAJI
                                      120 Broadway
                                      New York, New York  10271
                                      (212) 964-6611

TO:

Lonny Levitz, Esq.
KUHARSKI, LEVITZ & GIOVINAZZO, ESQ.
176 Hart Boulevard
Staten Island, New York  10301
(212) 228-1331
(718) 448-1699 (Fax)
Attorneys for Plaintiff

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF RICHMOND

Index No. 10/4/12/13

RICHARD CAMPISI,                          Date Filed:

                               Plaintiff,

- against -                                                    SUMMONS

FEDEX GROUND PACKAGE SYSTEM, INC. and
AEKA ODAJI,                                                Basis of Venue:
                                               Plaintiff's residence
                               Defendant.

To the above named Defendant(s):

      YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the plaintiff's attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Plaintiffs' residence address is:     23 Evan Place, Staten Island, NY

Defendants' address is:   FEDEX GROUND PACKAGE SYSTEM, INC., 1000 Fedex Drive, Moon Township, PA
AEKA ODAJI 555 Grand Street Union, 307, Linden, NJ
Dated:     Richmond, New York
          July 16, 2013

                                    Yours, etc.

                                      KUHARSKI, LEVITZ & GIOVINAZZO, ESQ.
                                      Attorney for Plaintiff
                                      176 Hart Blvd.
                                      Staten Island, New York 10301
                                      (212) 228-1331

                                      By: _____
                                          Lonny Levitz, Esq.

RICHMOND COUNTY CLERK
2013 AUG 22 AD 19
DIVISION OF LAW & EQUITY

45510

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF RICHMOND
------------------------------------X
RICHARD CAMPISI,                             Index No. 101412/13

                    Plaintiff
                                             COMPLAINT
            vs.

FEDEX GROUND PACKAGE SYSTEM, INC. and
AEKA ODAJI,

                    Defendants.
------------------------------------X

Plaintiff, by his attorneys, KUHARSKI, LEVITZ & GIOVINAZZO complaining of the defendants herein, respectfully show to this Court, and allege as follows:

1. That the plaintiff resides in the County of Richmond, City and State of New York.

2. On or about November 30, 2012, and at all times herein mentioned, defendant, FEDEX GROUND PACKAGE SYSTEM, INC., was a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

3. On or about November 30, 2012, and at all times herein mentioned, defendant FEDEX GROUND PACKAGE SYSTEM, INC., was a foreign corporation legally doing business in the State of New York.

4. On or about November 30, 2012, and at all times herein mentioned, defendant FEDEX GROUND PACKAGE SYSTEM, INC., was a business entity legally doing business in the State of New York.

5. That at all times herein mentioned the defendant, AEKA ODAJI, was a resident of the State of New Jersey.

6. On or about November 30, 2012, and at all times herein mentioned, defendant FEDEX GROUND PACKAGE SYSTEM, INC., by one of its

agents, servants and/or employees was operating a truck in Staten Island, New York.

7. That on November 30, 2012 and at all times hereinafter mentioned, the Page Ave. Exit, Staten Island, New York, was and still is public highways used extensively by the public in general.

8. That on November 30, 2012, defendant, FEDEX, owned a truck with the license plate of # XF281K NJ.

9. That on November 30, 2012, defendant, FEDEX, by one of its agents, servants, employees, was operating a truck at said aforesaid location.

10. That on November 30, 2012, defendant, FEDEX, by one of its agents, servants, employees, was operating a truck with the license plate of # XF281K NJ, at the aforesaid location.

11. That on November 30, 2012, defendant, AEKA ODAJI was employed by the defendant, FEDEX.

12. That on November 30, 2012, while defendant, AEKA ODAJI was in the employee of the defendant, FEDEX he operated a truck with the license plate XF281K NJ, at the aforesaid location.

13. That on November 30, 2012, while defendant, AEKA ODAJI was in the employee of the defendant, FEDEX, he operated a truck with the license plate XF281K NJ, with the consent and/or permission of the defendant, FEDEX.

14. That on November 30, 2012, plaintiff, RICHARD CAMPISI, was operating a motor vehicle at the aforesaid location.

15. That on or about November 30, 2012, the aforesaid truck came into contact with the vehicle operated by the plaintiff, RICHARD CAMPISI.

16. That the aforesaid collision and injuries resulting therefrom were due solely and wholly to the careless and negligent manner in which the defendant operated and controlled their motor vehicle without this plaintiff in any way contributing thereto.

17. That the negligence of the defendants consisted of operating the aforesaid motor vehicle in a negligent, reckless, careless, grossly negligent, wanton and inherently reckless manner; in failing to keep the aforesaid motor vehicle under reasonable and proper control; in failing to operate the aforesaid motor vehicle with due regard for the safety of the public and others; in failing to keep a proper lookout; in failing to observe what was available to be observed; in failing to observe the plaintiff; in failing to avoid contact with plaintiff's vehicle and to yield the right of way to the plaintiff; in operating the aforesaid motor vehicle in a manner contrary to and in violation of the statutes, ordinances, rules and regulations in such cases made and provided; in failing to change lanes in a safe and reasonable manner; in failing to provide and/or make prompt and timely use of adequate and efficient brakes and steering mechanisms; in operating the aforesaid motor vehicle in such a negligent, careless, reckless wanton and grossly negligent manner as to precipitate the aforesaid accident; in failing to take defensive action; in failing to warn of the approach of the aforesaid motor vehicle; in failing to sound a warning to the plaintiff; in crossing

From: Vanessa Ramirez    Fax: +1 (718) 412-0311         To: ATTN: Nick Damico     Fax: +1 (800) 626-1050        Page 6 of 6   8/22/2013 9:05

the double yellow line, in violating all applicable statutes, and the defendant was otherwise careless, reckless and negligent in the premises.

18. That by reason of the foregoing and the negligence of the said defendants, this plaintiff sustained serious, severe, and permanent injuries to his head, limbs and body; still suffers and will continue to suffer for some time great physical and mental pain and serious bodily injury; and became sick, sore, lame and disabled and so remained for a considerable length of time.

19. That by reason of the wrongful, negligent and unlawful actions of the defendants as aforesaid, the plaintiff, RICHARD CAMPISI, sustained serious injuries as defined by the Insurance Law of the State of New York and has sustained economic loss greater than basic economic loss as defined by said Insurance Law.

20. That by reason of the foregoing and the negligence of the said defendants, this plaintiff, RICHARD CAMPISI, is informed and verily believes that his aforesaid injuries are permanent, and that he will permanently suffer from the effects of his aforesaid injuries and will be caused to suffer permanent embarrassment and continuous pain and inconvenience.

21. That by reason of the foregoing, this plaintiff, RICHARD CAMPISI, was compelled to seek and did necessarily require medical aid and attention and did necessarily pay and become liable therefore for medicines, and upon information and belief, the plaintiff, RICHARD CAMPISI, will necessarily incur similar expenses in the future.

22. That this action falls within one or more of the exceptions

set forth in CPLR 1602.

23. That by reason of the wrongful, negligent and unlawful actions of the defendant as aforesaid, the plaintiff, RICHARD CAMPISI, was severely injured, bruised, and wounded, suffered, still suffers, and will continue to suffer for some time great physical pain and great bodily injuries and became sick, sore, lame and disabled and so remained for a considerable length of time.

24. That as a result of the defendant's negligence as aforesaid, this plaintiff, RICHARD CAMPISI, has been damaged in an amount that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction

WHEREFORE, plaintiff, RICHARD CAMPISI, demands judgment against the defendants in an amount that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction, together with costs and disbursements of this action.

Dated:   Richmond, New York
         July 16, 2013

                              Yours, etc.

                              KUHARSKI, LEVITZ & GIOVINAZZO, ESQ.
                              Attorney for Plaintiff
                              176 Hart Blvd.
                              Staten Island, New York 10301
                              (212) 228-1331

                              By: _____
                                   Lonny Levitz, Esq.

Index No.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF RICHMOND

---

RICHARD CAMPISI,

                Plaintiff

      vs.

FEDEX GROUND PACKAGE SYSTEM, INC. and
AEKA ODAJI,

                Defendants.

---

*SUMMONS & VERIFIED COMPLAINT*

---

KUHARSKI, LEVITZ & GIOVINAZZO, ESQ.
Attorneys for Plaintiffs
176 HART BLVD.
STATEN ISLAND, New York 10301
212-228-1331

---

TO: FEDEX GROUND PACKAGE SYSTEM, INC.
    1000 Fedex Drive
    Moon Township, PA

    AEKA ODAJI
    555 Grand Street Union, 307,
    Linden, NJ

LSK&D #: 260-0077 / 2193764

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF RICHMOND
-------------------------------------------------------------x
RICHARD CAMPISI,

                         Plaintiff,

    -against-

FEDEX GROUND PACKAGE SYSTEM, INC.
AND AEKA ODAJI,

                       Defendants.
-------------------------------------------------------------x

Index No.: 101412/2013

**ANSWER**

      Defendants, FEDEX GROUND PACKAGE SYSTEM, INC. AND AEKA ODAJI by their attorneys, LESTER SCHWAB KATZ & DWYER, LLP, answering plaintiff's Complaint dated July 16, 2013 respectfully state as follows:

      1. Deny any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "1" of the Complaint, but beg leave to refer all questions of law to the Court at the trial of this action.

      2. Deny each and every allegation contained in paragraphs "2", "8", "15", "20" and "21" of the Complaint.

      3. Deny each and every allegation contained in paragraph "4" of the Complaint except admit that FEDEX GROUND PACKAGE SYSTEM, INC. is a foreign corporation doing business in the State of New York.

      4. Deny each and every allegation contained in paragraphs "6", "9", "10", "11", "12", "13", "16", "17", "18", "19", "22", "23" and "24" of the Complaint, but beg leave to refer all questions of law to the Court at the trial of this action.

      5. Deny any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "14" of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

6. That any injuries and/or damages sustained by the plaintiff, as alleged in the Complaint herein, were caused in whole or in part by the contributory negligence and/or culpable conduct of plaintiff and not as a result of any contributory negligence and/or culpable conduct on the part of these answering defendants.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

7. That by entering into the activity in which plaintiff was engaged at the time of the occurrence set forth in the Complaint, plaintiff knew the hazards thereof and the inherent risks incident thereto and had full knowledge of the dangers thereof; that whatever injuries and damages were sustained by the plaintiff herein as alleged in the Complaint arose from and were caused by reason of such risks voluntarily undertaken by plaintiff in his activities and such risks were assumed and accepted by him in performing and engaging in said activities.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

8. The plaintiff was negligent in not wearing a seat belt at the time of the occurrence and under the applicable law may not recover damages for those injuries which plaintiff would not have received if a seat belt had been worn.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

9. In the event plaintiff herein recovers a verdict for personal injury, the amount of such recovery should be reduced by any payment that plaintiff received under the medical payment provisions of any policy of automobile liability insurance.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

10. The accident described in the Complaint did not result in a "serious injury" to plaintiff as so defined in and by Section 5102(d) of the Insurance Law of the State of New York, and as such, plaintiff had and has no right to institute, maintain or prosecute this action and are barred from doing so.

11. The plaintiff did not sustain serious injury as defined by Section 5102(d) [formerly Section 671 (4)a and (4)b] of the Insurance Law of the State of New York, his exclusive remedy therefore is confined and limited to the benefits and provisions of Article 51 of the Insurance Law of the State of New York.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

12. The liability of these defendants, if any, to the plaintiff for non-economic loss is limited to its equitable share, determined in accordance with the relative culpability of all persons or entities contributing to the total liability for non-economic loss, including named parties and others over whom plaintiff could have obtained personal jurisdiction with due diligence.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

13. In the event plaintiff recovers a verdict or judgment against these defendants, then said verdict or judgment must be reduced pursuant to CPLR 4545(c) by those amounts which have been, or will, with reasonable certainty, replace or indemnify plaintiff, in whole or in part, for any past or future claimed economic loss, from any collateral source such as insurance, social security, workers' compensation or employee benefit programs.

**WHEREFORE**, the answering defendants demand judgment dismissing the Complaint, together with the attorneys' fees, costs and disbursements of this action.

Dated:   New York, New York
         September 12, 2013

                                    Yours, etc.

                                    LESTER SCHWAB KATZ & DWYER, LLP

                                    _____
                                    David S. Steeklow
                                    Attorneys for Defendants
                                    FEDEX GROUND PACKAGE SYSTEM, INC.
                                    AND AEKA ODAJI
                                    120 Broadway
                                    New York, New York  10271
                                    (212) 964-6611

TO:

Lonny Levitz, Esq.
KUHARSKI, LEVITZ & GIOVINAZZO, ESQ.
176 Hart Boulevard
Staten Island, New York  10301
(212) 228-1331
(718) 448-1699 (Fax)
Attorneys for Plaintiff

STATE OF NEW YORK          )
                           ) ss
COUNTY OF NEW YORK         )

**CATHERINE HENDERSON**, being duly sworn, deposes and says that she is not a party to this action, is over the age of 18 years and resides in Nassau County. That on September 13, 2013, she served the within ANSWER upon:

> Lonny Levitz, Esq.
> KUHARSKI, LEVITZ & GIOVINAZZO, ESQ.
> 176 Hart Boulevard
> Staten Island, New York 10301
> (212) 228-1331
> (718) 448-1699 (Fax)
> Attorneys for Plaintiff

by depositing a true copy of same securely enclosed in a post paid wrapper in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York.

*[signature]*
**CATHERINE HENDERSON**

Sworn to before me this
13th day of September, 2013

*[signature: Pamela E. Henry]*

PAMELA E. HENRY
Notary Public, State of New York
No. 01HE6210701
Qualified in Kings County
Commission Expires August 24, 2017

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF RICHMOND
----------------------------------------------------------------x
RICHARD CAMPISI,

                              Plaintiff,

           -against-

FEDEX GROUND PACKAGE SYSTEM, INC.
AND AEKA ODAJI,

                             Defendants.
----------------------------------------------------------------x

Index No.: 101412/2013

**ANSWER**

LESTER SCHWAB KATZ & DWYER, LLP

ATTORNEYS FOR   **Defendants**
**FEDEX GROUND PACKAGE SYSTEM, INC.
AND AEKA ODAJI**

120 Broadway
New York, N.Y. 10271-0071
(212) 964-6611
FAX: (212) 267-5916


2-25-14

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF RICHMOND
------------------------------------------X   Index No. 101412/13
RICHARD CAMPISI,

                     Plaintiff(s)        RESPONSE TO DEMAND
                                          FOR DAMAGES

      -against-

FEDEX GROUND PACKAGE SYSTEM, INC. and
AEKA ODAJI,

                     Defendant(s).
------------------------------------------X

Plaintiff(s), as and for his claimed damages, alleges upon information and belief as follows:

Plaintiff claims damages for past and future pain and suffering in the amount of two million dollars.

Plaintiff claims damages for past and future medical expenses in the amount of $500,000.00

Dated:      Richmond, New York
             February 25, 2014

                                      Yours, etc.,

                                        BY:   LONNY R. LEVITZ, ESQ.
                                        KUHARSKI, LEVITZ & GIOVINAZZO, ESQ.
                                        Attorneys for Plaintiff
                                        176 Hart Blvd.
                                        Staten Island, New York 10301
                                        Tel. 212/228-1331

To:   David Stecklow
       Lester, Schwab, Katz & Dwyer, L.L.P.
       Attorney For: Defednants
       120 Broadway
       New York, NY  10271-0071
       Phone: (212) 964-6611

Index No.101412/13

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF RICHMOND

---

RICHARD CAMPISI,

                Plaintiff

      vs.

FEDEX GROUND PACKAGE SYSTEM, INC. and
AEKA ODAJI,

                Defendants.

---

*RESPONSE TO DEMAND FOR DAMAGES*

---

KUHARSKI, LEVITZ & GIOVINAZZO, ESQ.
Attorneys for Plaintiffs
176 HART BLVD.
STATEN ISLAND, New York 10301
212-228-1331

---

To:  David Stecklow
     Lester, Schwab, Katz & Dwyer, L.L.P.
     Attorney For: Defednants
     120 Broadway
     New York, NY  10271-0071
     Phone: (212) 964-6611